**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNIVERSAL ENGRAVING, INC., a Kansas Corporation,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 2:07–CV-2427-JAR-DJW** |
| **FREDERICK DUARTE, an individual,** | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

The Court, having determined that good cause exists for a protective order for certain documents, hereby grants Plaintiffs Motion for Entry of Proposed Protective Order (doc. 32) as specifically set forth below:

1. *Facts Establishing Good Cause.*

Plaintiff Universal Engraving, Inc. ("Universal"), has filed this lawsuit against Defendant Dr. Frederick Duarte, a former employee of Universal, alleging: Count I: Breach of Employment Contract; Count II: Breach of the Duty of Loyalty; Count III: Violation of Kansas Uniform Trade Secrets Act K.S.A. 60-3320, *et seq.;* Count IV: Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and Count V: Preliminary and Permanent Injunction. After a lengthy evidentiary hearing, Judge Robinson granted Plaintiff's Motion for Preliminary Injunction in an Order dated October 16, 2007.

Based upon the testimony and exhibits presented during the Preliminary Injunction hearing, and the inherent nature of Plaintiff's claims against Defendant, the parties anticipate that there will be documents and other information produced by the parties during the course of this litigation

concerning Universal Engraving's research and development, trade secrets, and other proprietary information which is highly confidential and proprietary. In addition, there may also be production of confidential personnel information about current or former employees of Universal Engraving, including Plaintiff, which needs to be protected. Public disclosure of such confidential information may cause injury to Universal Engraving, Inc., and the release of personnel information may affect the privacy of current or former Universal Engraving, Inc., employees not parties to this litigation, as well as Plaintiff. This Order both protects Universal Engraving, Inc., and prohibits the public release of confidential personnel information of nonparties and parties and will allow the parties access to information each seeks to discover, while minimizing any potential harmful effects on either the parties or non-parties. The Court finds that Universal Engraving, Inc., properly seeks to protect Universal Engraving's confidential and proprietary information, as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause.

2. *Document Defined.* When used in this Protective Order, "Document" shall include those documents related to Universal Engraving's research and development, trade secrets and confidential proprietary information, confidential personnel information regarding Universal Engraving, Inc.'s, current or former employees, and duplicates thereof, that either party makes available pursuant to Fed. R. Civ. P. 26, or in response to Requests for Production or Interrogatories, or any other discovery response or proceeding in this matter. "Document" also means any document or other non-public and confidential information belonging to a third-party which either party has agreed to keep confidential.

3. *Designation of Documents.* Any party to this Protective Order may designate as "Confidential" any Document, or portion thereof, which it produces and which that party's counsel has determined in good faith is entitled to protection because it contains confidential information as defined in this Order. Each Document, or portion of a Document, designated as "Confidential" (hereinafter "Designated Document") shall be marked accordingly and shall be subject to restrictions as provided in this Protective Order; provided, however, that any and all portions of all personnel information relating to Universal Engraving, Inc.'s employees and former employees shall automatically be deemed to contain confidential information and will be designated and treated as "Confidential" without any marking or other individual designation as such. Where only a portion of a Designated Document can fairly be designated "Confidential," only such portion shall be so designated.

4. *Method of Marking.* Subject to the provision in Paragraph 3 above concerning the exemption from marking of personnel information relating to Universal Engraving, Inc.'s employees and former employees, Documents subject to this Protective Order shall be designated as "Confidential" by clearly stamping or otherwise marking the word "Confidential" on all pages (unless such a mark would impair the legibility of the Document, in which case the stamp or mark should appear on the first available page where legibility would not be impaired). If only a portion of the Document is designated, the page(s) containing the designated portions shall be identified on the first page of the Document (unless such a mark would impair the legibility of the Document in which case the stamp or mark should appear on the first available page where legibility would not be impaired).

5. *Objections to Designation.* Whenever any party marks a document as "Confidential," the other party shall have twenty (20) days after receiving the document(s) marked "Confidential" to send a written objection to the other party. If the parties are unable to reach agreement after personal consultation, the objecting party may, after complying with the Local Rules of this Court, present a motion to the Court to strike or modify the treatment of the Document as "Confidential." The Document shall continue to have the benefit of the designated status until further order of the Court.

6. *Confidential Documents.* Except with the prior written consent of the designating party or the prior order of this Court, Documents designated as "Confidential" and the information contained therein shall be used in connection with this litigation only and shall not be disclosed to any person other than:

a. The parties to this litigation, including their agents, employees, and representatives, and their counsel of record;

b. Employees of the counsel of record who are assigned to assist such counsel in connection with this litigation;

c. Third-party experts, consultants, or counsel retained specifically in connection with this litigation, provided that any such person is given a copy of this Protective Order and agrees to be bound by its provisions; and

d. Any person who testifies at deposition in this proceeding, provided that such person is given notice of the terms of this Protective Order and that all testimony taken concerning Designated Documents or information contained therein be marked "Confidential."

7. *Use of Designated Documents for Motions.* In the event that a party wishes to deposit any documents designated as Confidential" with the Clerk of the Court, such party shall first file a motion with the court seeking leave to file the particular documents under seal. If the motion for leave to file under seal is granted, the assigned judge will enter electronically sign and file the order authorizing the filing of the documents under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in the case and whose appearance has not been terminated) the ability to view sealed documents in that case (assuming this access has not previously been granted). The filing party shall then file its document(s) under seal in accordance with the Court's Administrative Procedures for electronically filing document(s) under seal, Part II.J.

8. *Disclosure of Designated Documents.* No party receiving a Designated Document shall disclose it or its contents to any person other than those described in paragraph 6, and in no event shall such party make any use of such Document other than for the purpose of this litigation.

9. *Acknowledgment.* A person given access to Confidential material under the terms of Paragraphs 6(c)-(d) of this Order shall not be granted access thereto until such person has agreed to be bound by the terms of this Protective Order and has signed an acknowledgment in the form attached hereto as Exhibit *A.* Executed copies of Exhibit A shall be maintained by counsel for the party disclosing the Confidential material to the persons permitted in Paragraphs 6(c)-(d) of this Order. At any reasonable time, any party may request in writing that all copies of Exhibit A which have been signed by persons pursuant to this paragraph be provided to that party. Such copies shall be provided within ten (10) calendar days after receipt of the written request.

10. *Inadvertent Disclosure. In* the event of an inadvertent disclosure of a party's Confidential Information, the party making the inadvertent disclosure shall, upon learning of the

disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential Information subject to this Protective Order; and (ii) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made. If a party fails to take these steps following an inadvertent disclosure.

11. *Objections and Rights Reserved.* This Protective Order shall not prejudice the rights of, or prevent, any party from:

a. Objecting on any valid ground to the production of any Document;

b. Objecting to the offer or introduction of any Document into evidence on any valid ground at the time such Document is offered;

c. Redacting Confidential information from any Document;

d. Seeking other protection from the Court concerning any Document;

e. Challenging whether documents stamped "Confidential" are in fact confidential and proprietary.

12. *Use at Hearing or Trial.* The use at any hearing or at trial of any Document or information designated as "Confidential" as evidence shall be governed by the Federal Rules of Evidence.

13. *Modification.* Any party to this Protective Order may apply to the Court, on reasonable notice to all parties, for relief or modification of any provision of this Order.

14. *Return of Documents.* Within thirty (30) days of the conclusion of this litigation by settlement, final judgment, or final order, including all appeals, all Designated Documents, and all copies (except exhibits filed of record) shall be returned by counsel to the party who had previously

produced the Designated Documents, unless the parties agree to a method for the destruction of the Designated Documents.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Protective Order (doc. 32) is granted.

IT IS SO ORDERED.

Dated this 4th day of March, 2008.

S/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNIVERSAL ENGRAVING, INC.,**<br>**a Kansas Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FREDERICK DUARTE, an individual,**<br><br>**Defendant.** | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** | **Case No.: 2:07–CV-2427-JAR-DJW** |

**ACKNOWLEDGMENT**

The undersigned acknowledges that (s)he has read the Protective Order entered in this action by the District Court of Kansas, Kansas City Division, on February ____, 2008, that (s)he understands its terms, and that (s)he agrees to be bound by that Order.

Dated: ____________________ ________________________________________
Name