DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNIVERSAL ENGRAVING, INC.,**

               **Plaintiff,**

                                       **CIVIL ACTION**

v.

                                       **No. 07-2427-JAR-DJW**

**FREDERICK DUARTE,**

               **Defendant.**

## MEMORANDUM AND ORDER

A telephone conference was held on April 23, 2008 regarding Defendant's Motion for Protective Order (doc. 41) and mediation. Plaintiff appeared through counsel Greg J. Dermis. Defendant appeared through counsel Walter M. Brown. This Order will memorialize and elaborate on the Court's oral rulings.

**I.  Defendant's Motion for Protective Order**

On February 18, 2008, Plaintiff filed a notice to take Defendant's deposition on March 25, 2008, at the offices of Plaintiff's counsel in Kansas City, Missouri. Defendant seeks a protective order prohibiting the deposition from going forward in Kansas City. Defendant asserts that Plaintiff should be required to take Defendant's deposition in Tempe, Arizona, where Defendant resides and works.

In this district, "an initial presumption exists that a defendant should be examined at his residence or principal place of business."[1] This initial presumption, however, "may be overcome

---

[1] *Apsley v. Boeing Co.,* No. 05-1368-MLB, 2008 WL 191418, at *3 (D. Kan. Jan. 22, 2008) (quoting *Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1500311, at *4 (D.
(continued...)

by a showing that factors of cost, convenience, and efficiency weigh in favor of a different location."[2]

After considering the totality of the circumstances in this case, the Court finds that Plaintiff should not be required to travel to Kansas City for his deposition at his own expense.  The Court holds that Defendant's deposition may take place under one of the following three options:

1. Plaintiff may depose Defendant in person, in Tempe, Arizona;

2. Plaintiff may depose Defendant in person, in Kansas City, Missouri, but must pay all of Defendant's travel expenses; or

3. Plaintiff may depose Plaintiff by video conference, with Plaintiff in Kansas City, Missouri and Defendant in Tempe, Arizona.

Plaintiff, as the party deposing Defendant, shall be allowed to choose from these three options.

The Court will now turn to Defendant's request that he be awarded the reasonable fees and expenses he incurred in filing the Motion for Protective Order.  Federal Rule of Civil Procedure 26(c)(3), which governs protective orders, provides that Rule 37(a)(5) applies to any award of fees and expenses related to a motion for protective order.  Subsection (C) of Rule 37(a)(5) applies when the motion for protective order is granted in part and denied in part, as in this case.  It provides that after giving the parties "an opportunity to be heard," the court may "apportion the reasonable expenses for the motion."[3]  The Court, under the circumstances, does not find it would be

---

[1](...continued)
Kan. May 21, 2007)).

[2]*Ice Corp.*, 2007 WL 1500311, at *4.

[3]PFed. R. Civ. P. 37(a)(5)(C).

2

appropriate to apportion any expenses or fees to Plaintiff, and finds that each party should bear his/its own fees and expenses incurred in connection with the filing of the Motion.

**II.     Mediation**

The Court has reviewed the parties' confidential settlement reports, and does not find that mediation or any other form of alternative dispute resolution would be beneficial at this time. The Court therefore vacates the deadline for completing mediation, as set forth in Paragraph 1.b of the Scheduling Order (doc. 25).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (doc. 41) is granted in part and denied in part, as set forth herein..

**IT IS FURTHER ORDERED** that each party shall bear his/its own fees and expenses incurred in connection with the filing of Defendant's Motion for Protective Order.

**IT IS FURTHER ORDERED** that the deadline for completing mediation, as set forth in Paragraph 1.b of the Scheduling Order (doc. 25), is vacated.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of April 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties